Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5010 | **DATE** | July 23, 2012 |
| **CASE TITLE** | Edward J. Manzo v. Cook County Jail | | |

**DOCKET ENTRY TEXT:**

The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                               **Docketing to mail notices.**

## STATEMENT

    Plaintiff Edward Manzo has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to inhumane conditions of confinement while held for five days at the Cook County Jail. Specifically, Plaintiff alleges that he was placed in a "condemned" unit cell that was dirty, smelly, overcrowded, and lacked proper ventilation and plumbing, and that he was denied any hygiene items.

    For pretrial detainees, in order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 472–73 (7th Cir. 1998). The Due Process clause prohibits punishment of a pretrial detainee and requires jail officials to "provide humane conditions of [pretrial] confinement." *Stead v. Skinner*, No. 10 C 4526, 2011 WL 3882809, *3 (N.D. Ill. Sep. 2, 2011) (citing *Henderson v. Sheahan*, 196 F.3d 839, 844-45 (7th Cir. 1999). A determination whether jail conditions constitute "punishment" turns on the totality of the conditions of confinement. *DeMallory v. Cullen*, 855 F.2d 442, 445 (7th Cir. 1988) (citations omitted); *Bennett v. Sheahan*, No. 99 C 2270, 1999 WL 967534, *3 (N.D. Ill. Oct. 5, 1999) (Holderman, J.). Although the conditions Plaintiff has alleged lasted just five days, they may be sufficient to constitute unconstitutional deprivations.

**(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

      The court nevertheless directs Plaintiff to submit an amended complaint, as the only named Defendant, the Cook County Jail, is not a suable entity.  *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.).  Plaintiff must name as Defendant(s) those individuals who were personally and directly responsible for the allegedly unconstitutional conditions of confinement he endured (that is, those persons who placed him in the "condemned" unit and/or to whom he complained about his living conditions).

      If Plaintiff does not know the names of the persons who actually injured him, he may name the Cook County Sheriff as Defendant, either because Plaintiff's claims involve "potentially systemic," rather than "clearly localized," constitutional violations, *see, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.), or in order to identify the real Defendants in interest.  *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also CBillman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996).

      For the foregoing reasons, the court dismisses the complaint on file without prejudice.  Plaintiff is granted thirty days in which to submit an amended complaint on the court's required form.  The amended complaint should name as Defendants the Sheriff of Cook County and/or those individuals who personally and directly subjected Plaintiff to inhumane conditions of confinement.  Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.  Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.

      The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If Plaintiff fails to comply within thirty days, his motion for leave to proceed *in forma pauperis* will be denied and the case will be summarily dismissed.